Denio, Ch. J.
I am of opinion that the Supreme Court fell into an error in reversing the judgment entered on the verdict. ISTo point is "better settled than that a party giving a receipt for property seized by an officer, upon an execution or an attachment, is estopped from setting up against the officer that the property is his own. That precise question arose in Dezell v. Odell (3 Hill, 215), and was determined against the receiptor. The estoppel would be perfect in the present case, even upon the dissenting opinion of Judge Bbobtsoet in that case. The receipt there did not contain the admission, inserted in the one now before us, that the property belonged to the defendant in the execution, and this led the dissenting judge to remark, that it was not shown that the receiptor had ever said that the property belonged to the defendants in the execution, or that he ever stood silently by and saw the goods taken as their property, without asserting his claim. If the receipt had *304 recited, as this one does, that the property for which it was given was that of the judgment debtor, all the judges would have concurred in the position that the defendant could not set up title in himself against the admission-in his receipt, upon which the defendant had acted.
But we need not rely upon the receipt as concluding the receiptor; for there is an estoppel of a more solemn kind in this case, namely, the judgment which the sheriff recovered against him for the property levied on and contained in the receipt. This would prevent him and every person standing in privity with him from ever denying that, as between him and the officer, the latter had the title to the horses.
We are of opinion, moreover, that this estoppel enured fully to the benefit of the plaintiffs in the execution. In point of form it was the sheriff in whose favor it attached, but he had no individual title or interest whatever, except such as he acquired as the representative of the judgment creditor,
. by being charged with the execution of their process against the property of their debtor. This right is set forth in the receipt, and it was the title which Anson West acknowledged when he agreed to deliver the horses to the sheriff as the property of B. 0. West, which had been levied upon by virtue of the relators’ execution, and it was that title only which he was estopped to dispute. Suppose the judgment which the sheriff recovered against A." West had been collected, could he have put the money in his own pocket and have defended, himself against the relators’ action by proving that the title to the horses was actually in West, and not in the judgment debtors ? This would be preposterous, and yet I do not see. but that he could do this, unless these creditors were entitled to the benefit of the estoppel.
But it may be said that if the creditors take the benefit of the estoppel, they must recognize the sheriff’s act in entrusting the property to the receiptor as their own act; and therefore his insolvency, by which the property has been lost to them, must be accounted their misfortune and not that of the sheriff. This is plausible, but I do not think it a sound position. Upon *305 seizing property upon an execution, the sheriff may take it into his own possession, or he may entrust it to another, and rccéive an undertaking 'for its redelivery with or without surety as he may think discreet and safe. He must judge at his own peril, as to the responsibility of the parties to whom he may deliver it. If they prove insolvent, by which the property fails to be applied to the creditors’ debt, it is the misfortune of the sheriff who consented to trust them, instead of keeping the goods in his own hands, or requiring better security. It is one.of the hazards incident to his office, for which he is recompensed by the other advantages which it secures to him. Any other rule would leave the creditors at the mercy of the executive officer of the court, who would have no motive of interest to see that the property levied on was kept in safe hands.
These propositions are, therefore, established, which together make out the case of the relators; namely, that Anson West, the only person who has ever claimed this property against the execution creditors, is proved by his own acts and concessions, which are absolutely conclusive against him, and also by the judgment which he suffered to be recovered against him, to have no title to it; and that the sheriff, notwithstanding, entrusted it to him, upon his own agreement to deliver it up when called for, which agreement he has neglected to perform, and thereby the creditors have been deprived of having its value applied to the satisfaction of their debt. It follows, as it seems to me, inevitably, that the sheriff thereby became liable for the debt.
In a case very similar to the present, decided by the Supreme Judicial Court of the State of Maine (Penobscot Boom Co. v. Wilkins, 27 Maine, 345), it was decided that the officer could not set up, as a defence to the action of the creditor, that the property did not belong to the judgment debtor. A receipt had been taken, as in the present case, which contained expressions, admitting, in effect, that the property belonged to the judgment debtor. The officer had voluntarily given up the receipt to the receiptor. But it was conceded by the court *306 that the officer could have defended, himself, by any evidence which would have exonerated the'receiptor if he had brought an action against him. I consider the principle decided to be identical with the one which we apply in this case.
There is no weight in the suggestion that the relators have assumed the action against the receiptor as their own, and have thus waived their remedy against the sheriff. The evidence is only that one of them told the sheriff that it was best for him to demand the property of Anson West, and sue him if he did not deliver it. This had no tendency to show that they took the result of that action upon themselves.
The judgment ought to be reversed, and judgment final rendered on the verdict, with the costs of the appeal.
All the judges concurring,
Ordered accordingly.